IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ADAN A. PACHECO, JR.,

    Plaintiff,

v.

CITY OF DELRAY BEACH,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, ADAN ("DANNY") A. PACHECO JR., by and through his undersigned counsel hereby files this complaint against Defendant, CITY OF DELRAY BEACH, and as grounds therefore states as follows:

## JURISDICTION AND VENUE

1. Plaintiff PACHECO, brings this claim for violation of the Family and Medical Leave Act of 1993 ["FMLA"], 29 U.S.C. § 2601, *et seq*.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b). Jurisdiction is proper in this forum insofar as the matter involves a federal question, namely a violation of 29 U.S.C. § 2601, *et seq*.

3. Venue is proper in this Court because Plaintiff's claims arose in Florida, specifically in Palm Beach County, and all the acts complained of occurred in this judicial district and gave rise to the claims alleged.

4. At all times relevant to this Complaint, Plaintiff was a resident of Palm Beach County, Florida and is otherwise sui juris.

5. Jurisdiction is based on 29 U.S.C. § 1331 (federal question jurisdiction).

6. Venue is proper because Defendant is located in Palm Beach County and the substantial part, if not all, of the events giving rise to this cause of action occurred in Palm Beach County, Florida. 28 U.S.C. § 89.

7. At all times material hereto, Plaintiff was an employee as that term is defined under the FMLA.

8. At all times material hereto, Defendant is an employer of the Plaintiff as that term is defined under the FMLA.

## COMMON ALLEGATIONS

9. Plaintiff is a current employee of Defendant.

10. Plaintiff began employment with Defendant on or around January 14, 2008 as a police officer; he was promoted to Sergeant on or around March 4, 2017.

11. During his employment, Plaintiff was approved for intermittent FMLA leave for the period of October 4, 2019 through October 3, 2020 in order to care for his minor son.

12. Despite his protected status, he was subjected to many acts of unlawful retaliation including:

    a. Plaintiff was told that his approved intermittent FMLA leave was not protected as it could be denied due to coverage;

    b. Plaintiff was denied the opportunity to work off-duty details while on approved intermittent FMLA although no policy dictates such actions;

    c. Plaintiff was denied the day Sergeant shift position, which would have alleviated the need for FMLA leave;

  d. Plaintiff was issued a memo citing his FMLA time as a disqualifier for the Clean and Safe Sergeant Position.

  e. Plaintiff was written up for asserting his right to work off-duty details; and

  f. Plaintiff was moved from Alpha to Bravo shift at annual redeployment, which was well-established it would affect the shared custody schedule he maintained for his son.

  g. Plaintiff was subject to an internal affair investigation which was retaliatory in nature and resulted in a written reprimand.

13. Plaintiff contends this treatment interfered with his rights and also constituted a retaliation of his FMLA rights.

## FMLA REQUIREMENTS

14. Defendant is covered as an employer under the FMLA as defined by 29 U.S.C. §2611(4).

15. At all times relevant, Defendant was the employer of Plaintiff within the meaning of the FMLA.

16. Plaintiff worked for Defendant for at least twelve (12) months as a full-time employee.

17. Plaintiff worked at least 1,250 hours during the course of the last twelve (12) months of his employment for Defendant.

18. Plaintiff was entitled to family medical leave, not to exceed a total of twelve (12) work weeks in a twelve (12) month period of time.

19. Plaintiff is an eligible employee as defined in 29 U.S.C. §2611(2) and 29 C.F.R. §825.110(c) and was eligible for FMLA leave.

20. At all material times hereto, Plaintiff qualified for FMLA in order to care for his minor son.

21. That all or some of Plaintiff's leave was FMLA qualifying leave, and Plaintiff was entitled to the protections of FMLA.

22. Plaintiff fulfilled all conditions precedent in bringing this action.

**COUNT I**
**RETALIATION**
**FAMILY MEDICAL LEAVE ACT**

Plaintiff re-alleges and incorporate paragraphs 1 through 22 as if fully set forth herein.

23. Plaintiff is a covered employee under the FMLA.

24. Defendant is a covered employer under the FMLA.

25. Plaintiff engaged in statutorily protected activity when:

    a. He asserted his rights under FMLA leave.

    b. He took time off to care for his minor child.

    c. He asked for schedule accommodation in order to meet childcare needs.

26. Plaintiff was retaliated against for taking protected FMLA leave.

27. Defendant retaliated against Plaintiff's employment by doing the following:

    a. Plaintiff was told that his approved intermittent FMLA leave was not protected as it could be denied due to coverage;

    b. Plaintiff was denied the opportunity to work off-duty details while on approved intermittent FMLA although no policy dictates such actions;

    c. Plaintiff was denied the day Sergeant shift position, which would have alleviated the need for FMLA leave;

    d. Plaintiff was issued a memo citing his FMLA time as a disqualifier for the Clean and Safe Sergeant Position;

    e. Plaintiff was written up for asserting his right to work off-duty details; and

    f. Plaintiff was moved from Alpha to Bravo shift at annual redeployment, which was well-established it would affect the shared custody schedule he maintained for his son.

    g. Plaintiff was subject to an internal affair investigation which was retaliatory in nature and resulted in a written reprimand.

28. As a proximate result of Defendant's interference with the laws, rights under the FMLA, Plaintiff lost wages, lost other compensation, and lost benefits.

29. As a further direct and proximate result of the Defendant's violations as herein described, the Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff has incurred and will continue to incur reasonable attorney's fees and costs. Plaintiff requests that his attorney's fees and costs by awarded pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays that judgment be entered in his favor for wages, employment benefits, and other compensation lost and actual monetary losses sustained by him as a result of Defendant's retaliation against him for taking approved medical leave, including back pay and front pay; prejudgment interest at the prevailing rate from the date he was terminated, to the Judgment on the award of wages, employment benefits and compensation and actual monetary losses sustained by him as a result of Defendant's violation of Family Medical Leave Act of 1993; liquidated damages doubling the award of interest, wages, employment benefits and other compensation lost to him as a result of Defendant's violation of the Family Medical Leave act of 1993; reasonable attorney's fees and costs and expenses of this action pursuant to 29 U.S.C. § 2617(a)(3); and, such other relief as this Court deems just and appropriate under the circumstances including reinstatement to a substantially equivalent position with Defendant.

**COUNT II**
**INTERFERENCE WITH RIGHTS**
**IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. 2601,** *et seq.*

Plaintiff re-alleges and incorporate paragraphs 1 through 22 as if fully set forth herein.

30. Plaintiff is an employee and a person subject to protection pursuant to the provisions of the FMLA, as that term is defined within the Act.

31. Defendant's aforementioned conduct violates the FMLA.

32. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm and damages.

33. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

34. As a further and direct proximate result of Defendant's violation of the FMLA, as heretofore described, Plaintiff has been compelled to retain the services of the undersigned law firm.

35. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff requests that his reasonable attorney's fees and costs be awarded pursuant to the Family Medical Leave Act, 29 U.S.C. § 2617.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against Defendant as follows: that Plaintiff be awarded damages including wages, salary, employment benefits, other compensation denied or lost to the Plaintiff by reason of the violation of the Act, interest of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the Act, an additional amount as liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statute, such equitable relief as may be

appropriate, including reemployment, reinstatement, and promotion, reasonable attorney's fees, reasonable expert fees and other such costs in this action and other such relief as this Court deems just and appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury on all issues so triable.

Dated this 2nd day of July 2020.

> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
>
> s/Cathleen Scott
> Cathleen Scott, Esq.
> Florida Bar Number 135331
> Primary e-mail: CScott@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com
> Secondary Address: 101 Northpoint Parkway
> West Palm Beach, FL 33407
> www.ScottWagnerLaw.com